IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROBERTA CRAWFORD, :
:
    Plaintiff, :
:
v. : Civil Action No. 18-255-RGA
:
NEW CASTLE COUNTY HOUSING :
AUTHORITY, SECTION 8, et al., :
:
    Defendants. :

Roberta Crawford, Wilmington, Delaware. Pro Se Plaintiff.

Colleen K. Norris, Esquire, and Mary A. Jacobson, Esquire, New Castle County Law Department, New Castle, Delaware. Counsel for Defendants New Castle County Housing Authority Section 8, Robert Rizzo, Patricia Dennis, and Terry Stuiber.

Barry M. Willoughby, Esquire, and Laure Elizabeth Moak Russell, Esquire, Young, Conaway, Stargatt & Taylor LLP, Wilmington, Delaware. Counsel for Kathryn McGinnes.

**MEMORANDUM OPINION**

August 19, 2019
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Roberta Crawford filed this action on February 14, 2018, alleging violations of her civil rights. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). Before the Court are Defendants' motions to dismiss. (D.I. 23, 24). Plaintiff opposes. Briefing is complete.

## BACKGROUND

Plaintiff was a housing voucher recipient through the U.S. Department Housing and Urban Development's Section 8 Tenant-Based Assistance Housing Choice Voucher Program administered by New Castle County Housing Authority. Plaintiff's "voucher was terminated due to missed inspection and annual recertification." (D.I. 2 at 4). Plaintiff alleges that she requested rescheduling via email and the voucher "was still terminated." (D.I. 2 at 4; D.I. 5 at Ex. ).

Plaintiff received a letter, described as a notice to her landlord to terminate, dated October 18, 2017, from Defendant housing assistant Patricia Dennis advising Plaintiff's landlord and Plaintiff that her Section 8 Voucher was subject to termination from the New Castle County Housing Authority effective December 31, 2017. (D.I. 5 at 1). In the letter, Plaintiff was advised that she could request an informal hearing. (*Id.*). A notice, also dated October 18, 2017, was sent directly to Plaintiff regarding her termination from the voucher program. Both letters were sent to the same address, but Plaintiff alleges that she did not receive the letter addressed solely to her through the mail. She alleges that it was given to her at the informal hearing. (*Id.*).

Plaintiff requested a hearing, and, on November 8, 2017, Plaintiff attended the informal hearing, and was represented by counsel. (D.I. 2 at 5; D.I. 2-1 at 1). Hearing

1

officer Kathryn McGinnes conducted the hearing. (*Id.*). Also present were Dennis and Defendant supervisor Terry Stuiber. (*Id.*). Plaintiff's attorney argued "improper notice, improper wording, and the fact that [Plaintiff] had not received notice of the hearing." (D.I. 2 at 5). Plaintiff was given time to provide proof of verification of appointments but was still denied. (*Id.*). Plaintiff alleges that she attempted to explain that her children had been assaulted and this took up her time and impacted her mental state. (*Id.*). She later contacted Defendant Robert Rizzo "who did nothing." (*Id.*).

Plaintiff was notified of the decision by letter dated December 6, 2017 signed by McGinnes. (D.I. 2-1 at 1). The letter states that the New Castle County Department of Community Services had notified Plaintiff that it was going to terminate Plaintiff's housing assistance for violation of the "Family Obligations" due to Plaintiff's failure to attend two rescheduled recertification appointments and two annual inspection appointments. (*Id.*). The December 6, 2017 letter referenced Plaintiff's testimony at the hearing that she had some understanding of the reason for the proposed termination of her housing assistance. (*Id.*). Plaintiff testified that she could not attend the recertification appointments because she had important appointments for her daughter and a court date and, as to the annual inspections, on one date, she "had to leave," and on the other date, she did not get proper notice. (*Id.*)

At the informal hearing, Plaintiff argued that the termination notice was deficient. Plaintiff was therefore given an additional ten days for the submission of documentation as to why she was unable to attend the scheduled appointment and inspections. (*Id.* at 2). Plaintiff submitted documentation that was considered by McGinnes whose opinion was that there was "sufficient documentation and evidence to support and/or indicate

2

beyond a reasonable doubt that [Plaintiff] failed to attend [two] recertification appointments and failed to permit access for [two] annual inspections." (*Id.*). McGinnes opined that based upon the documentation, testimony and evidence presented at the hearing/review, the New Castle Department of Community Services was within its rights to terminate Plaintiff's participation in the Section 8 Housing Choice Voucher Program. (*Id.* at 3). McGinnes advised Plaintiff that the Housing Authority was not bound by her decision and that further questions should be directed to New Castle Department of Community Services. (*Id.*).

Plaintiff alleges that Stuiber, Dennis, and McGinnes violated her rights and refused accommodation in terminating the voucher. (D.I. 2 at 6). She seeks reinstatement of the housing voucher and reasonable accommodation due to a mental disability as well as compensatory damages. (*Id.* at 7).

Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff opposes on the grounds that she did not receive a fair hearing prior to termination of her housing voucher.

## LEGAL STANDARDS

In reviewing a motion filed under Rule 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits

3

attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id*. Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

## DISCUSSION

Plaintiff alleges this Court is vested with jurisdiction by reason of federal question but does not reference a federal statute in the Complaint. *See* 28 U.S.C. § 1331. The civil cover sheet under the "cause of action" section states, "Housing Act, 42 U.S.C." (D.I. 2-2). Other documents Plaintiff provides refer to the New Castle County Section 8 Administrative Plan and 24 C.F.R. § 982.551 (*i.e.*, obligations of participant). Liberally construing her pleadings as the Court must, Plaintiff seems to assert a due process claim under 42 U.S.C. § 1983. "There are undoubtedly circumstances in which a litigant can invoke § 1983 to remedy the violation of a right conferred under the Housing Act." *Brooker v. Altoona Hous. Auth.*, 2013 WL 2896814, at *19 (W.D. Pa. June 12, 2013) (citing *Robinson v. District of Columbia Hous. Auth.*, 660 F. Supp. 2d 6, 11 (D.D.C. 2009)).

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived her of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Municipal Liability**. Named as a defendant is the New Castle County Housing Authority, Section 8. A municipality may only be held liable under §1983 when the "execution of a government's policy or custom. . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). While a government policy is established by a "decisionmaker possessing final authority," a custom arises from a "course of conduct. . . so permanent and well settled as to virtually constitute law." *Andrews*, 895 F.2d at 1480 (citing *Monell v. Department of Social Services of the City of*

5

*New York*, 436 U.S. 658 (1978)). Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

There are no allegations that New Castle County Housing Authority, Section 8 was the "moving force" behind any alleged constitutional violation. Indeed, the Complaint contains absolutely no allegations against it, and it is named only in the caption of the complaint. Absent any allegation of a custom or policy established by the New Castle County Housing Authority, Section 8, the § 1983 claim cannot stand.

**Due Process**. Section 8 of the U.S. Housing Act of 1937, 42 U.S.C. § 1437f, creates the housing choice voucher program. Individuals such as Plaintiff who qualify for the voucher program must comply with its rules and regulations. *See* 42 U.S.C. § 1437f(a) & 24 C.F.R. pt. 982. Failure to do so exposes an individual to termination from the program. *See* 24 C.F.R § 982.552(a)(1), (c)(1)(i).

Participation in a public housing program is a property interest protected by due process. *Woods v. Willis*, 515 F. App'x 471, 478 (6th Cir. 2013) (citing *Davis v. Mansfield Metro. Hous. Auth.*, 751 F.2d 180, 184 (6th Cir.1984)). Due process requires that Housing Program participants receive adequate notice of the grounds for termination, and they must be afforded an informal hearing prior to termination. *See Davis*, 751 F.2d at 185 & n.4; *Goldberg v. Kelly*, 397 U.S. 254, 266-71 (1970) ("[T]he stakes are simply too high . . . and the possibility for honest error or irritable

misjudgment too great, to allow termination of aid without giving the recipient a chance, if [she] so desires, to be fully informed of the case against [her] so that [she] may contest its basis and produce evidence in rebuttal.").

Here, Plaintiff alleges that even though she had reasons for missing the annual inspections and recertification appointments and was given additional time to provide proof of verification of appointments that caused her to miss them, she "still was denied." (D.I. 2 at 5). In essence, Plaintiff alleges that Defendants violated her due process rights when her benefits were terminated and her informal hearing/review appeal was denied.

"Due process in this context requires a decision maker to state the reasons for his or her decision and indicate the evidence he or she relied upon." *Baldwin v. Housing Auth. of the City of Camden*, 442 F. App'x 719, 720 (3d Cir. 2011). The Department of Housing and Urban Development regulations governing housing assistance termination provide, "The person who conducts the hearing must issue a written decision stating briefly the reasons for that decision." 24 C.F.R. § 982.555(e)(6). Attached to Plaintiff's Complaint is a copy of the hearing officer's decision. Therein, McGinnes set forth in detail the evidence she relied upon and the reasons for her decision. (*See* D.I. 2-1 at 1-3).

To the extent Plaintiff alleges that she did not receive proper notice, the notice issue was cured at the hearing when Plaintiff was given additional time to provide documents to support her position. In addition, it is clear that Plaintiff had some actual notice as she requested a hearing and appeared with counsel who presented her defense. The notice of cancellation is required to enable participants the opportunity to

prepare a defense, *Escalera v. New York City Hous. Auth.*, 425 F.2d 853, 862 (2d Cir. 1970), and therefore, it must only be "sufficiently specific for it to enable an applicant to prepare rebuttal evidence to introduce at his hearing appearance," *Billington v. Underwood*, 613 F.2d 91, 94 (5th Cir. 1980). As pled, and with regard to the notice issue, the Complaint fails to state a claim upon which relief may be granted.

Finally, in her opposition, Plaintiff contends that McGinnes resolved all credibility issues against her.[1] (D.I. 25 at 1). If it is Plaintiff's intent to allege new facts, she may not amend her Complaint through her opposition brief, and the new facts may not be considered by the Court on the instant motion to dismiss. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Nonetheless, the Court addresses the claim.

Due process requirements in Section 8 Housing termination proceedings require a decision by an impartial hearing panel. See 42 U.S.C. § 1437d(k)(2); 24 C.F.R. § 982.555(e)(4). Agencies are provided the benefit of the doubt with regard to impartiality, and there is a presumption of honesty and integrity in those serving as adjudicators. *See Cobb v. Yeutter*, 889 F.2d 724, 730-31 (6th Cir. 1989) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). The Supreme Court has acknowledged only two cases where something less than actual bias violated due process: 1) the "adjudicator has a pecuniary interest in the outcome;" and 2) the adjudicator has been the "target of personal abuse or criticism from the party before him." *See Withrow*, 421 U.S. at 47.

---

[1] I note that this case does not purport to be an appeal from the Hearing Officer's decision. Further, there is no suggestion that there is any appeal process that would involve a federal court.

There are no allegations of either. Indeed, to the extent Plaintiff alleges McGinnes was not an impartial hearing officer, it is a bald assertion without supporting facts and does not suffice to state a claim.

Finally, in the Complaint, Plaintiff seeks a reasonable accommodation due to mental disability. She seems to allege that she attempted to explain that assaults upon her children impacted her mental state, but her mental state was not considered by Defendants. (D.I. 2 at 5). Other than the assertion that her "mental state [was] more worse," without allegations of a diagnosis, there is no basis to conclude that Plaintiff was suffering from a disability or that she argued to the Hearing Officer that she had some mental disability. The claim does not contain sufficient factual allegations to support liability.

Because Plaintiff proceeds *pro se*, she is given some latitude. It may be that she could amend to state a claim against Defendants or alternative defendants. Therefore, she will be given leave to file an amended complaint.

**CONCLUSION**

For the above reasons, the Court will grant Defendants' motions to dismiss. (D.I. 23, 24). Given Plaintiff's *pro se* status she will be given leave to file an amended complaint.

An appropriate order will be entered.